ARTURO SHOWS URQUIDI
REG. NO. 11004-480
USP BEAUMONT
U.S. PENITENTIARY
P. O. BOX 26030
BEAUMONT, TX 77720

**FILED**
JUN 10 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

June 4, 2025

Clerk, U. S. District Court
Western District of Texas
El Paso Division
525 Magoffin Avenue, Suite 105
El Paso, Texas 79901

RE:   *Urquidi v. United States*
      Civil No. EP-24-CV-192-KC
      Crim No. EP-12-CR-849-KC-14

To the Clerk of the Court:

Enclosed please find and accept for filing Movant's Motion for Reconsideration of Order Denying Motion to Vacate Pursuant to 28 U.S.C. § 2255. Please submit this motion to the Court.

Thank you for your assistance in this matter.

                                        Sincerely,

                                        *[signature]*
                                        _____
                                        ARTURO SHOWS URQUIDI
                                        Appearing *Pro Se*

*Encl. as noted*

FILED
JUN 10 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ARTURO SHOWS URQUIDI,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | § § § § § § § § | EP-24-CV-192-KC<br>EP-12-CR-849-KC-14 |

## MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255

COMES Movant, Arturo Shows Urquidi ("Urquidi"), appearing *pro se,* and pursuant to Federal Rule of Civil Procedure 59(e) and alternatively Rule 60(b)(1) and (6), Urquidi respectfully moves this Honorable Court to reconsider its April 25, 2025 Memorandum Opinion and Order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Reconsideration is warranted due to manifest errors of law and fact, misapplication of controlling precedent, and the need to prevent manifest injustice. In support of this motion, Urquidi would show the Court as follows:

### I. PRELIMINARY STATEMENT

As a preliminary matter, Urquidi respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

## II. LEGAL STANDARD

Reconsideration under Rule 59(e) is proper to correct a manifest error of law or fact or to prevent manifest injustice. See *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Similarly, relief under Rule 60(b)(1) is available for "mistake, inadvertence, surprise, or excusable neglect," and under Rule 60(b)(6) for "any other reason that justifies relief." *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995).[1]

## III. REASONS FOR RECONSIDERATION

### A. The Court Erroneously Concluded It Was Irrational for Urquidi to Reject the Plea Offer

The Court's conclusion that Urquidi could not demonstrate that rejecting the plea offer was irrational under *Padilla v. Kentucky*, 559 U.S. 356 (2010), is inconsistent with the factual context and the relevant legal standard. The record shows that Urquidi consistently denied guilt, did not understand the nature and consequences of the plea, and was never adequately advised about the overwhelming likelihood of conviction and the sentencing exposure he faced. See *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (a defendant may establish prejudice by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to

---

[1] It is essential to note that the government responded to Urquidi's § 2255 Motion and Memorandum of Law in Support on June 3, 2024 [Docs. 1268 & 1269]. On July 10, 2024, the Court issued an Order for Respondent to respond to his motion within sixty (60) days on July 10, 2025. The Order also stated that Urquidi had seven (7) days to file any reply after the filing of the response. The government filed its response on September 10, 2024 [Doc. 1338]. However, the Court should take notice that Urquidi never received a copy of the response from the government because of the prison's mail inefficiency since the Covid virus. The mail is usually late or never received by inmates since that time. As such, Urquidi did not have an opportunity to file a reply to the government's response to his § 2255 Motion. He did receive the Court's Order denying his § 2255 Motion only recently in the prison mail. Therefore, his only option was to file a Motion for Reconsideration of the Court's Order.

2

trial").

Importantly, Urquidi's counsel failed to adequately inform him of the plea's benefits or realistically assess the government's evidence against him. The record reflects confusion and a rejection not out of strategy, but from a lack of informed legal counsel. The mere fact that the court later held a *Frye* hearing and Urquidi answered perfunctory questions in open court does not negate the serious Sixth Amendment violation that occurred during the plea negotiation process. See *United States v. Day*, 969 F.2d 39, 43 (3d Cir. 1992) ("[C]ompetent defense counsel will attempt to learn all of the facts of the case... to make an informed evaluation and advise the defendant of the options.").

B. The Court Misapplied the Legal Standard Regarding Pretrial Investigation

The Court denied the failure-to-investigate claim for lack of specificity, but the burden on a pro se § 2255 movant is not so exacting. See *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) ("We must construe pro se habeas petitions liberally."). Urquidi alleged that no investigation occurred and that exculpatory evidence was never sought. Counsel's affidavit admitted the defense lacked access to key witnesses in Mexico and failed to locate favorable witnesses in the United States. The Court erred by treating counsel's unexplored tactical decision as presumptively sound rather than subjecting it to the *Strickland* reasonableness test.

Moreover, *Wiggins v. Smith*, 539 U.S. 510 (2003), holds that even strategic decisions are unreasonable if made without adequate investigation. Urquidi's allegations that no pretrial investigation occurred are sufficient to warrant a hearing under *Strickland* and 28 U.S.C. § 2255(b).

C. The Court Overlooked Meritorious Arguments Regarding Trial Strategy and Witnesses

The Court accepted counsel's justification for trial strategy and failure to call defense witnesses, but these justifications are conclusory. Urquidi raised sufficient claims that potential witnesses (his ex-wife, son, girlfriend) were identified but abandoned last minute. He also identified a neighbor and employer whose identities or willingness were left unverified. See *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009), does not bar relief when a movant at least identifies potential witnesses and claims they were neglected by trial counsel. The Court misapplied *Strickland* by accepting strategic justifications without testing whether they were the product of reasonable investigation.

D. The Court Misapplied the Standard for Sentencing Objections and Failed to Consider Impact of Firearm and Violence Enhancements

The Court dismissed Urquidi's claims that counsel failed to adequately explain the PSR or file objections, relying on courtroom colloquy. However, "solemn declarations in open court" do not categorically bar claims of ineffective assistance when the broader context suggests the PSR's ramifications were misunderstood. See *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Urquidi further maintains that enhancements for weapons, violence, and management role were unsupported and had a significant impact on his sentence. Counsel's failure to challenge all material enhancements—especially where they lacked evidentiary foundation—supports a viable *Strickland* claim. See *United States v. Fields*, 75 F.3d 845, 854 (3d Cir. 1996) ("Failure to contest guideline enhancements can amount to ineffective assistance of counsel.").

E.  The Court Mischaracterized the Ineffective Appellate Counsel Claim

Finally, the Court erred in concluding that prevailing on a single sentencing issue on appeal foreclosed Urquidi's ineffective appellate counsel claim. The Supreme Court has clearly held that appellate counsel's decision to omit stronger issues may constitute ineffective assistance. See *Smith v. Robbins*, 528 U.S. 259, 288 (2000); *Jones v. Barnes*, 463 U.S. 745, 754 (1983).

Here, appellate counsel failed to pursue claims concerning multiple conspiracies, severance, false testimony, and exculpatory evidence—all of which were non-frivolous and supported by the trial record. Raising one successful issue does not insulate appellate counsel from *Strickland* review. See *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) ("When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court must compare the arguments...").

F.  The Court Erred in Denying an Evidentiary Hearing

The Court's denial of an evidentiary hearing contradicts established precedent requiring such hearings where a § 2255 movant alleges facts that, if proven, would entitle him to relief and are not conclusively refuted by the record. See *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008); *Machibroda v. United States*, 368 U.S. 487, 494–95 (1962).

Urquidi's claims—(1) that he was not properly advised of the plea consequences, (2) that no meaningful pretrial investigation was conducted, (3) that trial counsel failed to present a viable defense, and (4) that enhancements for firearms and violence were factually unsupported—are fact-specific and supported by sworn allegations that cannot be resolved on the pleadings alone. Under *Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992), an evidentiary hearing is required unless the motion, files, and records "conclusively" show the movant is entitled to no relief—which they do not.

5

The Court improperly relied on the absence of "independent indicia" of merit. But Urquidi's specific factual assertions, combined with discrepancies in counsel affidavits and the incomplete adversarial testing of enhancements, suffice to trigger the hearing requirement under § 2255(b). See *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981).

G. The Court Erred in Denying a Certificate of Appealability ("COA")

The denial of a COA fails to appreciate that at least some of Urquidi's constitutional claims—particularly regarding ineffective assistance during plea negotiations and the alleged absence of investigation—are debatable among jurists of reason. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Fifth Circuit held in *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002), a movant is entitled to a COA if a court's decision on either constitutional grounds or procedural grounds is subject to reasonable debate.

This Court's conclusion that no hearing was necessary and that no constitutional claim was colorable does not foreclose appellate review. Reasonable jurists could debate whether trial counsel's performance—particularly in failing to meaningfully advise Urquidi during plea negotiations and to object to improper enhancements—was constitutionally deficient under *Strickland v. Washington*, 466 U.S. 668 (1984), and *Padilla v. Kentucky*, 559 U.S. 356 (2010). A COA should be granted so that an appellate court may evaluate the merits of these claims independently.

IV. **PROPOSED AMENDED CONCLUSIONS AND ORDERS**

WHEREFORE, for the foregoing reasons, Movant respectfully requests that the Court vacate its prior ruling and issue the following amended orders:

A.  AMENDED CONCLUSIONS AND ORDERS

The Court concludes that Arturo Shows Urquidi has alleged specific facts which, if true, establish that:

1. His trial counsel failed to conduct a meaningful pretrial investigation or provide constitutionally adequate advice during plea negotiations;

2. His trial counsel failed to challenge enhancements unsupported by the evidentiary record;

3. His appellate counsel failed to raise clearly meritorious arguments under controlling precedent; and

4. These errors, individually and cumulatively, prejudiced Urquidi's right to a fair trial and sentencing under the Sixth Amendment.

The Court further concludes that the motion, files, and record do not conclusively show that Urquidi is entitled to no relief, and that his claims merit further factual development.

Accordingly, the Court issues the following orders:

IT IS ORDERED that Urquidi's Motion for Reconsideration is GRANTED.

IT IS FURTHER ORDERED that the Court's prior order [Doc. 1386] denying the § 2255 Motion and dismissing the civil case is VACATED.

IT IS FURTHER ORDERED that the Court will conduct an evidentiary hearing to determine the factual basis of Urquidi's ineffective assistance of counsel claims.

IT IS FURTHER ORDERED that a Certificate of Appealability is GRANTED as to the following issues:

1 Whether trial counsel rendered ineffective assistance by failing to conduct a reasonable pretrial investigation or meaningfully advise Urquidi regarding the plea agreement;

2. Whether Urquidi's sentence was unlawfully enhanced based on firearm/violence factors without sufficient evidentiary support; and

3. Whether appellate counsel rendered ineffective assistance by omitting meritorious appellate issues supported by the trial record.

IT IS FINALLY ORDERED that the Clerk reopen the civil § 2255 proceeding for further proceedings consistent with this Order.

SIGNED this ___ day of _____, 2025.

_____
Kathleen Cardone
United States District Judge

## V. PRAYER FOR RELIEF

For these reasons, Shows Urquidi respectfully requests that the Court:

1. Grant reconsideration of its prior order denying his § 2255 motion;

2. Vacate the judgment denying relief; and

3. Order an evidentiary hearing pursuant to 28 U.S.C. § 2255(b) to resolve the factual disputes underlying his ineffective assistance claims.

Respectfully submitted,

Dated: June 4, 2025

_____
ARTURO SHOWS URQUIDI
REG. NO. 11004-480
USP BEAUMONT
U.S. PENITENTIARY
P. O. BOX 26030
BEAUMONT, TX 77720
Appearing *Pro Se*

8

## CERTIFICATE OF SERVICE

    I hereby certify that on June 4, 2025, a true and correction copy of the above and foregoing Motion for Reconsideration of Order Denying Motion to Vacate Pursuant to 28 U.S.C. § 2255 was sent by First Class U. S. Mail to Antonio Franco, Jr., Assistant U.S. Attorney at U. S. Attorneys Office, 700 E. San Antonio, Suite 200, El Paso, Texas 79901.

_____
ARTURO SHOWS URQUIDI



PRESS FIRMLY TO SEAL

**PRIORITY® MAIL**

stic use.

ance (restrictions apply).*

estic and many international destinati

laration form is required.

arding claims exclusions see the

for availability and limitations of coverage.

To schedule free Package Pic
scan the QR code.



USPS.COM/PICKUP



ctober 2023
2 x 9 1/2

---

**FILED**

JUN 10 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK



**UNITED STATES POSTAL SERVICE®** — Click-N-Ship®

usps.com
$8.71
US POSTAGE
Cubic
15.00L+13.00W

9405 5301 0935 5162 4627 74 0087 1000 0307 9901

U.S. POSTAGE PAID
Click-N-Ship®




06/05/2025    Mailed from 77720   360979978162827

**PRIORITY MAIL®**

REG. NO. 11004-480, USP BEAUMONT, U.S. PENITENTIAR
ARTURO SHOWS
PO BOX 26030
BEAUMONT TX 77720-6030

06/09/2025

RDC 03

C015



CLERK OF THE COURT
RM 105
525 MAGOFFIN AVE
EL PASO TX 79901-2578

**USPS TRACKING #**



9405 5301 0935 5162 4627 74

